**FILED**
CLERK, U.S. DISTRICT COURT

01/29/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 8:21-cr-00008-CJC |
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. §§ 1960(a), (b)(1)(B): Operating an Unlicensed Money Transmitting Business; 18 U.S.C. § 1956(a)(3)(B): Laundering of Monetary Instruments; 18 U.S.C. § 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| HUGO SERGIO MEJIA, | |
| Defendant. | |

The Acting United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1960(a), (b)(1)(B)]

Beginning in or around May 2018, and continuing until on or about September 3, 2020, in Los Angeles, Orange, and Riverside Counties, within the Central District of California, and elsewhere, defendant HUGO SERGIO MEJIA knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely, a virtual

///

///

currency exchange business, that failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and the regulations thereunder.

## COUNT TWO

[18 U.S.C. § 1956(a)(3)(B)]

On or about March 12, 2020, in Orange County, within the Central District of California, defendant HUGO SERGIO MEJIA, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, the felonious importation, receiving, buying, selling, and otherwise dealing in controlled substances punishable under a law of the United States ("drug trafficking"), knowingly conducted a financial transaction, affecting interstate commerce, involving property represented by a person at the direction of a Federal official authorized to investigate such violations to be proceeds of specified unlawful activity, that is, drug trafficking, namely, the exchange of 14.273 Bitcoin for $82,150 in United States dollars, plus fees (Blockchain transaction ID 5a8bab53056c72bc48bef6d80e58a673386472a683328b9d93104bd69753386b).

|   |   |
|---|---|
| 1 | FORFEITURE ALLEGATION |
| 2 | [18 U.S.C. § 982 and 28 U.S.C. § 2461(c)] |

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One or Two of this Information.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)   Any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to:

      i.   $9,820 in U.S. Currency seized from a Santa Ana, California, residence;

      ii.   $224,167 in U.S. Currency ($189,187 and $34,980) seized from an Ontario, California residence;

      iii.  Four 100 ounce Silver Bars seized from defendant's residence in Ontario, California;

      iv.   Ten 10 ounce Silver Bars seized from defendant's residence in Ontario, California;

      v.   Ten 1 ounce Silver Coins seized from defendant's residence in Ontario, California;

      vi.   Various cryptocurrency approximately valued at $30,558.27 seized from defendant; and,

      vii.  Various cryptocurrency approximately valued at $65,028.77 seized from defendant's account with Binance.

   (b)   To the extent such property is not available for

forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in

///
///

1 committing the offense or offenses giving rise to the forfeiture,
2 conducted three or more separate transactions involving a total of
3 $100,000.00 or more in any twelve-month period.

TRACY L. WILKISON
Acting United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

CAROL A. CHEN
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, and
Racketeering Section

PUNEET V. KAKKAR
Assistant United States Attorney
Deputy Chief, International
Narcotics, Money Laundering, and
Racketeering Section

BRITTNEY M. HARRIS
Assistant United States Attorney
International Narcotics, Money
Laundering, and Racketeering
Section