TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-5421
     Facsimile:  (213) 894-0142
     E-mail:   brent.whittlesey@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO SERGIO MEJIA,<br><br>Defendant. | No. SA CR 21-00008 CJC<br><br>**STIPULATION AND REQUEST FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE AGAINST DEFENDANT HUGO SERGIO MEJIA**<br><br>**Sentencing Hearing**<br><br>**Date:  October 19, 2021**<br>**Time:  11:00 a.m.**<br>**Courtroom:  9B** |

On or about January 29, 2021, a two-count information was filed in which Plaintiff United States of America (the "government" or "the United States") charged defendant Hugo

Sergio Mejia ("Defendant") with violations of 18 U.S.C. § 1960(a), (b)(1)(B) (Operating an Unlicensed Money Transmitting Business) and 18 U.S.C. § 1956(a)(3)(B) (Laundering of Monetary Instruments).

On or about January 29, 2021, a plea agreement was filed (dkt. 5) pursuant to which Defendant agreed, in paragraphs 4(a) and (b), to the Court's entry of an order of forfeiture at or before sentencing relative to the following property (hereinafter collectively referred to as the "Forfeitable Property"):

a) $9,820 in U.S. Currency seized by Internal Revenue Service ("IRS") on September 3, 2020 during the execution of Federal Search Warrant, from an Ontario, California residence.

b) $224,167 in U.S. Currency ($189,187 and $34,980). The $189,187 in U.S. Currency was seized by Homeland Security Investigations ("HSI") on September 3, 2020 during the execution of Federal Search Warrant, from an Ontario, California residence, and the $34,980 in U.S. Currency was seized by Drug Enforcement Administration ("DEA") on May 13, 2020 during the execution of a State of California Search Warrant, from the same Ontario, California residence.

c) Four 100-ounce Silver Bars seized by Internal Revenue Service ("IRS") on September 3, 2020 during the execution of Federal Search Warrant, from an Ontario, California residence;

d) Ten 10-ounce Silver Bars seized by Internal Revenue Service ("IRS") on September 3, 2020 during the execution of

Federal Search Warrant, from an Ontario, California residence; and

    e)   Various cryptocurrency seized by Internal Revenue Service ("IRS") on September 3, 2020 during or as a result the execution of Federal Search Warrant, from an Ontario, California residence:

    i. 19.3522470 Bitcoin (BTC);
    ii. 9295.7974000 Cardano (Cryptocurrency);
    iii. 49.8883340 Chainlink (Cryptocurrency);
    iv. 499.4983400 Ethereum Classic (Cryptocurrency);
    v. 33.0259190 Gnosis (Cryptocurrency);
    vi. 6482.209100 Golem (Cryptocurrency);
    vii. 15.5755240 Monero (Cryptocurrency);
    viii. 4644.2970000 NEM (Cryptocurrency);
    ix. 11131.5590000 Stellar (Cryptocurrency);
    x. 4477.1145000 Tezos (Cryptocurrency);
    xi. 59703.5680000 Vechain (Cryptocurrency);
    xii. 5124.6454000 Ripple (Cryptocurrency);
    xiii. 10.9849430 Zcash (Cryptocurrency);
    xiv. 472.4872402 Aragon (Cryptocurrency);
    xv. 2,047.31 Basic Attention Token (Cryptocurrency);
    xvi. 81.66836409 Binance Coin (Cryptocurrency);
    xvii. 1,174.30 Polkadot (Cryptocurrency);
    xviii. 54.22520542 Ethereum (Cryptocurrency);
    xix. 1,439.67 ChainLink (Cryptocurrency);
    xx. 2,400.00 OmiseGO (Cryptocurrency);
    xxi. 1,844,288.10 Siacoin (Cryptocurrency);

xxii. 54,250.26 TRON (Cryptocurrency); and

xxiii. 22,573 Ripple (Cryptocurrency).

Defendant has agreed that the Forfeitable Property constitutes or is derived from or acquired as a result of, or used to facilitate the commission of, or involved in the one or more violations of 18 U.S.C. §§ 1960(a) and (b)(1)(B) and/or 18 U.S.C. § 1956(a)(3)(b), and is therefore subject to forfeiture pursuant to 18 U.S.C. § 982 and 28 U.S.C. § 2461(c).

Pursuant to paragraph 4(d), (e) and (k) of the plea agreement, defendant agreed to take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, and withdrew any claims or petitions relating to the Forfeitable Property, and waved any right to seek remission or mitigation of the forfeiture of the Forfeitable Property.

Pursuant to paragraph 2(a) of the plea agreement, Defendant agreed to plead guilty to Counts One and Two of the Information which charges Defendant with operating an unlicensed money transmitting business in violation of 18 U.S.C. §§ 1960 (a), (b)(1)(B) (Count One), and money laundering in violation of 18 U.S.C.§ 1956(a)(3)(B) (Count Two).

On or about July 1, 2021, Defendant pled guilty to Counts One and Two of the Information.

Federal Rule of Criminal Procedure 3.2(b)(1) and (2) provides in relevant part:

(b) <u>Entering a Preliminary Order of Forfeiture.</u>

(1) <u>Forfeiture Phase of the Trial.</u>

(A) <u>Forfeiture Determinations.</u>  As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or nolo contendre is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. . . .

(B) <u>Evidence and Hearing.</u>  The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) <u>Preliminary Order.</u>

(A) <u>Contents of a Specific Order.</u>  If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property. . . .

(B) <u>Timing.</u>  Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

Rule 32.2(b)(4)(A) provides that "[t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and "[t]he court must also include the forfeiture

5

order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36."

Defendant's sentencing hearing is presently scheduled for October 19, 2021 at 11:00 a.m.

[Proposed] Preliminary Order of Forfeiture ("POF") is being lodged contemporaneously with this stipulation and request and, upon entry, will carry into effect the agreement of the parties as reflected in the plea agreement

Section II of the proposed POF, titled "Implementation," describes the procedure for adjudicating third party rights, if any, relative to the Forfeitable Property.  Rule 32.2(b)(2)(A) provides that:

> The court must enter the [preliminary] order [of forfeiture] without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Section II.A.B.1. and II.B.2. of the [Proposed] POF provide that pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government must publish notice of the preliminary order of forfeiture on an official government website and provide written notice to persons known to have an alleged interest in the Forfeitable Property, advising those third parties of their right to file a petition with the Court for a hearing adjudicating the validity

of such third party's interest in the Forfeitable Property and for an amendment of the POF.

The government and Defendant hereby stipulate and request that the Court enter the (Proposed) Preliminary Order of Forfeiture.

DATED: July 23, 2021                Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Brent A. Whittlesey
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: August 21, 2021

MICHAEL CRAIN
Attorney for Defendant
HUGO SERGIO MEJIA

DATED: August 21, 2021

HUGO SERGIO MEJIA
Defendant

7