UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>HUGO SERGIO MEJIA,<br><br>　　　　　　Defendant. | No. SA CR 21-00008 CJC<br><br>**PRELIMINARY ORDER OF FORFEITURE AGAINST DEFENDANT HUGO SERGIO MEJIA**<br><br>**Sentencing Hearing**<br><br>**Date:  October 19, 2021**<br>**Time: 11:00 a.m.**<br>**Courtroom:  9B** |

Upon consideration of the stipulation and request by the plaintiff, United States of America and the defendant, Hugo Sergio Mejia ("Defendant") for entry of a preliminary order of forfeiture as to Defendant, and the guilty plea of the Defendant and good cause appearing therefor, this Court ORDERS as follows:

**I.**

**FORFEITABLE PROPERTY**

A.   The interests of Defendant in the following property (the "Forfeitable Property") is hereby forfeited to the United States:

a.    $9,820 in U.S. Currency seized by Internal Revenue Service ("IRS") on September 3, 2020 during the execution of Federal Search Warrant, from an Ontario, California residence.

b.    $224,167 in U.S. Currency ($189,187 and $34,980). The $189,187 in U.S. Currency was seized by Homeland Security Investigations ("HSI") on September 3, 2020 during the execution of Federal Search Warrant, from an Ontario, California residence, and the $34,980 in U.S. Currency was seized by Drug Enforcement Administration ("DEA") on May 13, 2020 during the execution of a State of California Search Warrant, from the same Ontario, California residence.

c.    Four 100-ounce Silver Bars seized by Internal Revenue Service ("IRS") on September 3, 2020 during the execution of Federal Search Warrant, from an Ontario, California residence;

d.    Ten 10-ounce Silver Bars seized by Internal Revenue Service ("IRS") on September 3, 2020 during the execution of Federal Search Warrant, from an Ontario, California residence; and

e.    Various cryptocurrency seized by Internal Revenue Service ("IRS") on September 3, 2020 during or as a result the execution of Federal Search Warrant, from an Ontario, California residence:

i. 19.3522470 Bitcoin (BTC);

ii. 9295.7974000 Cardano (Cryptocurrency);

iii. 49.8883340 Chainlink (Cryptocurrency);

iv. 499.4983400 Ethereum Classic (Cryptocurrency);

v. 33.0259190 Gnosis (Cryptocurrency);

vi. 6482.209100 Golem (Cryptocurrency);

vii. 15.5755240 Monero (Cryptocurrency);

viii. 4644.2970000 NEM (Cryptocurrency);

ix. 11131.5590000 Stellar (Cryptocurrency);

x. 4477.1145000 Tezos (Cryptocurrency);

xi. 59703.5680000 Vechain (Cryptocurrency);

xii. 5124.6454000 Ripple (Cryptocurrency);

xiii. 10.9849430 Zcash (Cryptocurrency);

xiv. 472.4872402 Aragon (Cryptocurrency);

xv. 2,047.31 Basic Attention Token (Cryptocurrency);

xvi. 81.66836409 Binance Coin (Cryptocurrency);

xvii. 1,174.30 Polkadot (Cryptocurrency);

xviii. 54.22520542 Ethereum (Cryptocurrency);

xix. 1,439.67 ChainLink (Cryptocurrency);

xx. 2,400.00 OmiseGO (Cryptocurrency);

xxi. 1,844,288.10 Siacoin (Cryptocurrency);

xxii. 54,250.26 TRON (Cryptocurrency); and

xxiii. 22,573 Ripple (Cryptocurrency).

**II.**

**IMPLEMENTATION**

IT IS FURTHER ORDERED as follows:

A.    Upon entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(3) ("Rule 32.2") and 21 U.S.C. § 853(g), the

3

1  United States Attorney General (or a designee) is authorized to

2  seize (to the extent it has not already done so) the Forfeitable

3  Property.

4      B.   Upon entry of this Order, the United States Attorney

5  General (or a designee) is authorized to commence any applicable

6  proceeding to comply with statutes governing third party rights,

7  including giving notice of this and any other Order affecting

8  the Forfeitable Property.  The following paragraphs shall apply

9  to any third party ancillary proceedings conducted in this

10 matter:

11         1.   Pursuant to 21 U.S.C. § 853(n)(1) and Rule

12 G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or

13 Maritime Claims and Asset Forfeiture Actions ("Supplemental

14 Rules"), the United States shall forthwith publish for at least

15 thirty (30) consecutive days on an official internet government

16 forfeiture website or once in a newspaper of general circulation

17 notice of this order ), notice of the government's intent to

18 dispose of such property in such manner as the Attorney General

19 may direct, and notice that any person, other than the

20 defendant, having or claiming a legal interest in the

21 Forfeitable Property must file a petition with the Court within

22 thirty (30) days of the final publication of notice or receipt

23 of actual notice, whichever is earlier.  The United States shall

24 also, to the extent practicable, provide written notice to any

25 person known to have an alleged interest in the Forfeitable

26 Property.

27

28                                    4

1          2.    Any person, other than the defendant, asserting a

2    legal interest in the Forfeitable Property may, within thirty

3    (30) days of the final publication of notice or receipt of

4    actual notice, whichever is earlier, petition the court for a

5    hearing without a jury to adjudicate the validity of such

6    person's alleged interest in the Forfeitable Property, and for

7    an amendment of the order of forfeiture, pursuant to 21 U.S.C. §

8    853(n).

9          3.    Any petition filed by a third party asserting an

10   interest in the Forfeitable Property shall be signed by the

11   petitioner under penalty of perjury and shall set forth the

12   nature and extent of the petitioner's right, title, or interest

13   in such property, the time and circumstances of the petitioner's

14   acquisition of the right, title or interest in the property, any

15   additional facts supporting the petitioner's claim, and the

16   relief sought.

17         4.    After the disposition of any motion filed under

18   Rule 32.2(c)(1)(A) and before a hearing on the petition,

19   discovery may be conducted by the government in accordance with

20   the Federal Rules of Civil Procedure.

21         5.    The United States shall have clear title to the

22   Forfeitable Property following the Court's disposition of all

23   third party interests, or, if no petitions are filed, following

24   the expiration of the period provided in 21 U.S.C. § 853(n)(2)

25   for the filing of third party petitions.

26   C.    Pursuant to Rule 32.2(b)(4), this Preliminary Order of

27   Forfeiture shall become final as to defendant at the time of

28                                      5

1 | defendant's sentencing and shall be made part of defendant's

2 | sentence and included in defendant's judgment.  If no third

3 | party files a timely claim, this Order shall become the Final

4 | Order of Forfeiture, as provided by Rule 32.2(c)(2).

5 |    D.    The Court shall retain jurisdiction to enforce this

6 | Order, and to amend it as necessary, pursuant to Rule 32.2(e).

DATED: August 20, 2021

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented By:

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Brent A. Whittlesey
_____
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**CC:   FISCAL**

6