Hugo Mejia
46603-509
Federal Prison Camp
PO Box 6000
Sheridan, OR 97378
IN PRO PER



UNITED STATES DISTRICT COURT
FOR THE NINTH CIRCUIT

The Honorable Cormac J. Carney
411 West Fourth Street, Courtroom 9B
Santa Ana, CA 92701-4516

| UNITED STATES OF AMERICA, | [ | Case No. 8:21-cr-00008-CJC |
|---|---|---|
| Plaintiff, | [ | REPLY TO GOVERNMENT'S OPPOSITION |
| v. | [ | |
| HUGO MEJIA, | [ | |
| Defendant. | [ | |

The Government's opposition argues two main reasons for denying Defendant's Motion for Compassionate Release. Namely, that defendant has not met his burden to establish extraordinary and compelling reason for release and that the relevant 18 U.S.C. § 3553(a) factors do not weigh in favor of release. Defendant argues in reply that both of these statements are incorrect. Defendant is not asking for a windfall, but rather requests this Court agree that the conditions of confinement currently imposed on him represent a danger to his continued health and welfare and that his condition - and the unforseen and extraordinary worsening of his vision due to a lack of treatment - can best be treated by his primary physician while on whatever conditions of home confinement the Court deems appropriate.

/

/

/

### Memorandum of Points and Authorities

EXTRAORDINARY AND COMPELLING REASON EXISTS FOR RELEASE

Defendant raised his poor health in his original position, including his diagnosis of Type 2 diabetes and retinopathy. The government argues that defendant "receives monthly injections in both eyes to preserve his vision" as well as medications. In point of fact, defendant received monthly injections only prior to his incarceration. Since then he has received only minimal care for his diabetes and no actual medical care for his retinopathy. He made a request for care the same month he self-surrendered to the BOP in April 2022, but was not actually referred to a specialist who could properly diagnose him until November 2022 <u>after</u> he filed this motion for release with this Court.

During this appointment, Dr. Russel Warner performed an eye exam including dilation. He confirmed that Defendant had extremely blurred vision in his left eye and poor vision in his right. He also confirmed Defendant was experiencing pain and visual "curtains" and "floaters". These conditions were diagnosed as being caused by hemorraging due to progressive retinopathy and were rapidly getting worse. Dr. Warner recommended that Defendant see a specialist who could perform treatment "urgently". Given the length of time it took for the BOP to provide even the initial referral, it is apparent that this recommendation will not be met and Defendant's condition will continue to worsen while incarcerated at FPC Sheridan.

Extraordinary and compelling reasons for release are, appropriately, determined by the sentencing Court. The Government argues that they may be guided by BOP Program Statement 1B1.13 but multiple circuits, including the Ninth, have held that this only applies to Motions brought forward by the BOP directly. As such,

2

Defendant places his trust in this Court to decide what does and does not constitute extraordinary and compelling reason that reflects Congress's intent that only rare circumstances should qualify for release. It is the mistreatment and lack of care provided by the BOP that created this situation, and their inability to meet their mandate to provide care is what determines how "rare" these circumstances actually are.

DEFENDANT'S OFFENSE DOES NOT WARRANT UNJUST PUNISHMENT

The Government argues that Defendant was willfully blind to the results of his actions. In its pursuit of sanctions it would willfully blind the defendant. "Respect for the law" and "just punishment for the offense" are factors to be considered in sentencing not merely through the length of the sentence served, but also by the conditions of confinement. Defendant rehabilitation and behavior on pretrial supervision have continued during his incarceration. He is not merely avoiding prison discipline but is an active member of the Residential Drug Abuse Program and also teaches classes in the Education Department to other inmates. This is work that he volunteered to do and which was later endorsed and supported by the staff of the Education Department.

Nor is Defendant attempting to create an "abrupt departure from [his] current sentence." He is merely requesting this Court utilize its discretion to allow a scenario in which he may preserve his health and vision while continuing to fulfill the needs imposed by sentencing. Defendant has significantly reduced his sentence through programming, both the Residential Drug Abuse Programming and First Step Act classes. He is scheduled to go to a halfway house on February 8, 2023. The Court has the discretion to impose a period of home detention up to the remainder of the sentence; Defendant is asking merely for conditions of confinement that would allow him to pursue medical care that has been shown

to be unavailable at a Federal Prison Camp. This is not a windfall. It is a reasonable and necessary plea for aid that the BOP has shown itself unwilling or unable to give.

As argued by the Government, the Defendant's retinopathy was foreseen at the time of sentencing, as was the impact of COVID on staffing issues. What was unforeseen, and the reason Defendant submitted his request, is the rapid and severe degradation of his health and eyesight brought on by the utter lack of necessary treatment in favor of continued referrals and delays. The primary motivation for submitting this motion was based on a need for self-advocacy. Petitioner made every effort to seek aid and care within the system and was met with stonewalling and promises of care that ended up being no more than paper referrals and delays. He therefore feels compelled to respectfully submit this argument in favor of release.





Mesia #46603-509
Fen Prison Camp
Box 6000
Sheridan, OR 97378

United States District
Court, Ninth Circuit
411 W. 4th St, 9B
Santa Ana, Ca 92701-4516

RECEIVED
CLERK, U.S. DISTRICT COURT
NOV 21 2022
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

CJC

CERTIFIED MAIL
7019 0140 0001 1547 9948

U.S. POSTAGE PAID
FCM LG ENV
SHERIDAN, OR
97378
NOV 18, 22
AMOUNT
$0.00
R2305M143358-09