UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**HUGO SERGIO MEJIA,**<br><br>Defendant. | Case No.: SACR 21-00008-CJC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY IMPOSITION OF SENTENCE UNDER 18 U.S.C. §3582(c)(1)(A) [Dkt. 45; Dkt. 48]** |

I.  INTRODUCTION & BACKGROUND

On November 18, 2021, Defendant Hugo Sergio Mejia was sentenced to thirty-six months in prison, followed by a three-year term of supervised release, after pleading guilty to operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960(a), (b)(1)(B), and laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(3)(B).  (*See* Dkt. 39 [Judgment and Probation/Commitment Order, hereinafter

-1-

"Jud."].) Mejia now moves the Court for compassionate release, arguing that he suffers from diabetic retinopathy and that he has been unable to receive adequate care while in detention. (*See* Dkt. 48 [Motion to Modify Imposition of Sentence Under 18 U.S.C. §3582(c)(1)(A), hereinafter "Mot."].) The Government opposes Mejia's motion, contending that he has failed to establish extraordinary and compelling reasons for his release and that the factors under 18 U.S.C. § 3553(a) do not support his request for release. (*See* Dkt. 56 [Government's Opposition to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)].) For the following reasons, the motion is **DENIED**.[1]

## II.  DISCUSSION

A compassionate-release motion is a request for a permanent reduction in a defendant's federal sentence. Though a district court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), compassionate release is one of the few exceptions and allows a court to "reduce the term of imprisonment (and . . . impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." *Id.* § 3582(c)(1)(A). Under this exception, a court may grant a defendant's release if, after considering the factors set forth in Section 3553(a), it determines that "extraordinary and compelling reasons warrant . . . a reduction" or "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." *Id.* § 3582(c)(1)(A)(i)–(ii).

---

[1] Mejia submitted two documents, one appearing to be a partial duplicate of the other. (*Compare* Mot. *with* Dkt. 45 [Motion to Modify Imposition of Sentence Under 18 U.S.C. §3582(c)(1)(A).) To the extent that the separate filing is a separate motion, it is **DENIED** for the same reasons described herein.

The Sentencing Commission has enumerated several "extraordinary and compelling" circumstances justifying release, one of which is a qualifying medical condition, defined as a terminal illness or "a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. 1(A) (U.S. Sent'g Comm'n 2021). Another is a catchall "other reasons" category, which sanctions compassionate release whenever a court finds that there is "an extraordinary and compelling reason other than, or in combination with, the reasons described [above]." *Id.* § 1B1.13 cmt. 1(D). "Courts have also found that 'grossly inadequate treatment' for a defendant's medical condition in BOP custody, including delays in treatment, may qualify as an extraordinary and compelling reason for compassionate release." *United States v. Derentz*, 608 F. Supp. 3d 189, 193 (E.D. Penn. 2022) (collecting cases). The defendant bears the burden of showing that he is entitled to a sentence reduction. *See United States v. Greenhut*, No. 18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

Mejia's diabetic retinopathy does not presently warrant release. While his condition may have resulted in some degree of pain and visual impairment, (*see* Mot. at 3–4), he simply has not shown that the condition has substantially impaired his ability for self-care. In general, the mere existence of vision problems is not sufficient to justify release. *See, e.g.*, *United States v. Bright*, No. 17-CR-0270, 2022 WL 16951832, at *2–3 (S.D. Cal. Nov. 15, 2022); *United States v. Turner*, No. CR 17-787, 2021 WL 4798647, at *4 (C.D. Cal. July 2, 2021); *United States v. Cyre*, No. 19-cr-00008, 2021 WL 1394125, at *4 (W.D. Wash. Apr. 13, 2021). Mejia likewise has not shown that the few months' delay for him to visit a specialist—whether because of staff shortages due to the COVID-19 pandemic or otherwise—amounts to grossly inadequate treatment, at least at this juncture. Accordingly, Mejia has failed to show extraordinary and compelling reasons justifying compassionate release.

## III. CONCLUSION

For the foregoing reasons, Mejia's motion for compassionate release is **DENIED**.

DATED: March 21, 2023

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE