UNITED STATES DISTRICT COURT
FOR THE NINTH CIRCUIT

The Honorable Cormac J. Carney
411 West Fourth Street, Courtroom 9B
Santa Ana, CA 92701-4516

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 2 6 2023

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 8: 21-cr-00008-CJC |
| | ) | MOTION FOR SENTENCE |
| Hugo Mejia 46603-509 | ) | REDUCTION UNDER 18 U.S.C. § |
| | ) | 3582(c)(1)(A) (Compassionate |
| Defendant. | ) | Release) (Pro Se Prisoner) |

<u>Emergency Renewed Motion for Sentence Reduction pursuant to 18 U.S.C.§ 3582(c)(1)(a)</u>
<u>Compassionate Release</u>

Comes now Hugo Mejia pro se, and moves this Court to grant his emergency motion for

Compassionate Release under the aforementioned Statute on the grounds that he has

continued to suffer severe vision loss due to untreated diabetic retinopathy.  This motion was

first brought before this Court on September 1st, 2022. The motion was denied with the caveat

that this Court would reconsider if the defendant continued to suffer due to the Bureau of

Prison's failure to provide needed medical treatment for this degenerative and worsening

medical condition.

<u>Jurisdiction</u>

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your

behalf, or (2) 30 days after the warden of your facility received your request that the warden

make a motion on your behalf, whichever is earlier. In the instant case this Court stated it would

review the defendant's petition again if no treatment was received.

## Background

Defendant is 51 years old.  He currently resides at Behavioral System SW- Rubidoux RRC (halfway house) Riverside,CA.  He was diagnosed with diabetic retinopathy early 2021. He notified staff of his condition upon his surrender at FCI Sheridan. On July 7, 2022 defendant suffered a macular edema which caused his eyes to start bleeding from within and severely impacted his vision.  He reported this to the medical staff on site.  On July 26, 2022, defendant submitted a BP8 advising he was submitting his compassionate release to the Court for his failing vision and inability to get medical treatment for this condition while in BOP custody. Defendant did not receive an administrative response and he next filed a BP9 for medical care to treat his serious medical issue.

Defendant was given an eye appointment on November 8, 2022 but the appointment was for evaluation only and no treatment was given.  Follow up urgent care appointments were requested but BOP did not obtain any appointments for treatment of the defendant's condition. The medical notes from the eye specialist stated the defendant needed an urgent appointment for treatment. To date the BOP has not made the appropriate medical appointments for the defendant.  Defendant informed the halfway house of his immediate need for medical attention and the halfway house again only gave defendant an appointment for evaluation confirming his urgent need for treatment.  The defendant remains in the custody of BOP while he is housed at the halfway house and has not been given an appointment for treatment. Further, his requests to see his primary care doctor have been denied and he remains without treatment and his condition progressively worsens daily.  Defendant states that his latest evaluation from an eye specialist confirms his severe condition of diabetic retinopathy with several episodes of macular edema and acknowledges that defendant suffers daily pain and impaired vision and is in danger of losing his vision if his condition continues to go untreated.

## Legal Standard

A "court may not modify a term of imprisonment once it has been imposed except" in limited circumstances prescribed by statute. 18 U.S.C. § 3582(c); see Dillon v. United States, 560 U.S> 817, 825, (2010) ("[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."); United States v. Desu, Crim No. 18-613, 2021 WL 2012235 at *2(D.N.J. Apr. 30, 2021). Under exception, "the court…may reduce the term of imprisonment (and may impose a term of probation or supervised release… that does not exceed the unserved portion of the original term of imprisonment)" if, "after considering the factors set forth in 18 U.S.C. § 3553(a)," the court finds that extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Pawlowski, 967 F.3d 327,329-30 (3d Cir. 2020). The court "may reduce the term of imprisonment" either  "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf ot the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Thus, "a defendant seeking reduction in his term of imprisonment bears the burden of establishing both that he has satisfied 1) the procedural prerequisites for judicial review, and 2) that compelling and extraordinary reasons exist to justify compassionate release." United States v. Epstein, Crim No. 14-287, 2020 WL 1808616, at *2(D.N.J. Apr. 9, 2020).

The United States Sentencing Commission promulgated a policy statement authorizing courts, as relevant here, to grant compassionate release where (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of others , and (3) "the reduction is consistent with the policy statement." U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13 (U.S. Sentencing Comm'n. 2018). An application note specifies certain circumstances that qualify as "extraordinary and compelling," two of which are

relevant here: (1) "the defendant is suffering from a serious physical or medical condition...that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover"; and (2) the BOP finds "extraordinary and compelling reasons other than, or in combination with, the reason described in subdivision (A)through (C)." See U.S.S.G. § 1B1.13, Application note 1(A), (D).

<div align="center">Argument</div>

Mejia submits his condition has significantly worsened since the Court first looked at his motion for Compassionate release. Defendant suffers from internal eye bleeds every day.  This worsening condition is painful and will not resolve without immediate treatment. Defendant is in danger of losing his vision permanently if he is not permitted to obtain the medical treatment he urgently needs.  This court upon first evaluation recognized the necessity of the defendant's urgent need for medical care. This court further agreed to re-evaluate the defendant's compassionate release if the BOP failed to provide medical care to properly treat the defendant's condition.

Defendant submits that his failing vision, ongoing eye bleeds and daily pain create diminished  physical and mental conditions that present "extraordinary and compelling" reasons to reduce his sentence. He states that these are serious conditions that "substantially diminish his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. (U.S.S.G. § 1B1.13, Application Note 1(A). Specifically, Mejia states that the loss of his vision impedes him from performing daily tasks and makes working extremely difficult.  Mejia is not expected to recover from this injury without immediate treatment and continued follow up care and monitoring by an eye specialist.  Mejia argues that his serious medical condition along with delayed evaluations and no treatment create the necessary extraordinary and compelling reasons to grant his petition for compassionate release.

Like in United States v. Almonte, the court followed Beck and granted compassionate release after the BOP repeatedly delayed surgery to treat the defendant's serious spinal

condition. See 2020 WL 1812713, *6-7. The defendant had broken his neck prior to entering

prison in 2005 requiring vertebrae fusion surgery, and in 2015 while still in prison his condition

began deteriorating, leading a spinal specialist to recommend an MRI. Id. at *6. However, the

defendant did not receive an MRI until June of 2018, at which point an orthopedist concluded

that the defendant required an urgent surgical consult. The BOP continued to note that the

defendant was supposed to receive surgery but the surgery never occurred. The court

therefore concluded that the BOP's indifference to the defendant's serious medical condition

constituted "extraordinary and compelling circumstances and it reduced the defendant;s

sentence. This case is nearly identical to the facts in Almonte. The BOP recognizes the

defendant needs urgent surgical care to treat his worsening eye condition and has failed to

provide this surgery for over one year. The BOP's indifference to the defendant's serious

medical condition in this case constitutes extraordinary and compelling reasons to reduce the

defendant's sentence to time served.

Further, the defendant has served almost all of his statutory term of imprisonment and is

currently in a halfway house where he has complied with all rules and supervision requirements.

He poses no risk to the community and is in fact already integrating into the community.

Defendant has no history of violence, no psychiatric history and no prior criminal history.

<div align="center">Exhibits</div>

In support of the defendant's renewed emergency motion for Compassionate release his

includes Exhibits 1-7. These exhibits include his medical evaluations outlining his urgent need

for treatment. These exhibits further demonstrate his repeated attempts at obtaining medical

treatment through the BOP.

<div align="center">Conclusion</div>

For the above reasons the Court should grant Petitioner's motion for Compassionate

Release and reduce his sentence to time served effective immediately.

Respectfully, Submitted,


Hugo Mejia




# Exhibits

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: MEJIA, HUGO S.           46603-509 _____ _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.              UNIT              INSTITUTION

**Part A - REASON FOR APPEAL**

— SEE ATTACHMENT

5/23/23
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                      _____
DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

**Part C - RECEIPT**
                                                    CASE NUMBER: _____

Return to _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG NO      UNIT      INSTITUTION

SUBJECT _____

                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

## STATEMENT OF FACTS and BACKGROUND

Current date: May 22, 2023

My name is Hugo Mejia. I am currently residing at Behavioral System SW - Rubidoux RRC (Halfway house) in Riverside, Ca. after serving 10 months in Sheridan FCI Oregon.

I received a 36 month sentence for a nonviolent, non-drug related financial offense which I plead guilty to.

During my time at Sheridan FCI, I completed the Residential Drug Abuse Program and spent most of my time working in the Education department tutoring other inmates in order for them to get their GED.

I am 51 years old.

I am a war-time military veteran and I have no prior criminal record.

I arrived at Behavioral System SW - Rubidoux RRC on February 8th 2023.

## BASIS FOR REQUEST AND REASON FOR APPEAL

My appeal involves two separate yet somewhat related issues that I am currently trying to remedy. They are as follows:

1. After being informed back in March of this year by my original case manager at Sheridan FCI (Ms. Soldati) that I WAS eligible for the 105 days of FSA credits I have earned and to "just be patient and wait", I was informed on May 18th that during my stay at Sheridan FCI I signed up for a "health" class that I failed to attend in January 2023. Because of this "failure to attend" I would therefore be ineligible to receive any FSA credits.

I DID NOT sign up for said class and have no recollection of ever being required to attend this class one month before I was scheduled to leave FCI Sheridan. Nobody spoke with me regarding this issue or my potential loss of 105 days of FSA credit that I earned.

I do not understand what clerical error was made for me to fall under such a status as to lose 105 days of FSA.

This would significantly add to my confinement time at my current halfway house and add even more distress to my second issue which is as follows:

2. I am currently suffering from a serious medical condition that has been evaluated but has yet to be properly treated in any way.

## BACKGROUND

I have been diagnosed with diabetic retinopathy since early 2021. My vision has been affected severely because of this. (Exhibit 1)

Upon surrendering to FCI Sheridan. I notified medical staff of my condition. (Exhibit 2)

On July 7th 2022 I suffered a macular edema which caused my eyes to start bleeding from within and severely impair my vision. I reported this to the Medical faculty on site. (Exhibit 3)

On July 26th 2022 I submitted a BP-8 through the FCI to inform them that I was submitting a motion through the courts regarding my failing vision and my poor health. (Exhibit 4)

After receiving no response for over a month to the BP-8 that I submitted I then submitted a BP-9 to obtain some sort of remedy for my continued condition. I wrote that I had been waiting to see an ophthalmologist for over 4 months and was losing my vision at the time. (Exhibit 5)

I was finally given an appointment with a doctor on November 8th but was only evaluated and not treated. The ophthalmologist verified my condition and recommended I see an eye specialist "urgently". (Exhibit 6)

I was told to then wait for the referral that never came.

After arriving at Behavioral System SW - Rubidoux RRC on February 8th 2023, I informed the staff of my medical condition and my need to get treatment from an ophthalmologist as soon as possible.

I was given an appointment with an internist MD in March who then gave me a referral to see an ophthalmologist.

My appointment was scheduled for May 19th 2023. So I waited till then in hopes of finally getting treatment for my eyes.

On May 19th I was once again evaluated by an ophthalmologist but was given no treatment. I explained to the doctor that I had suffered several episodes of macular edema and in pain and unable to see properly most days. The doctors' evaluation confirmed my severe condition and

recommended "retinal evaluation to preserve vision". (Exhibit 7). Again, no treatment was given, only a comment from the doctor that I "shouldn't have to suffer like this".

## RELIEF SOUGHT

Given the severe nature of my medical condition. I humbly ask that the error involving my FSA credits be rectified. This will allow me to go on home confinement sooner than I am currently scheduled.

This is my main goal. I want to seek treatment for my diabetic retinopathy as soon as possible and while at my current location I am not allowed to see my own doctor. I must continue to wait for scheduled appointments from the BOP.

## CONCLUSION

As the last doctor who I saw stated, my eyes continue to bleed everyday. My suffering is both physical and psychological.

My vision as well as my mental health are deteriorating.

Someone please help me.

**Exhibit 1**



THOMAS HANSCOM, M.D.
ROBERT E. ENGSTROM, JR., M.D.
HAJIR DADGOSTAR, M.D., Ph.D.
AMIR H. GUERAMI, M.D.
CHRISTIAN SANFILIPPO, M.D.
STAVROS MOYSIDIS, M.D.

| Name | Chart# | DOB | Refer Doctor |
|---|---|---|---|
| Mr. Hugo Mejia | 31203 | 8/20/1971 (50 Years) | Aung-Zaw Phoo, O.D. |

| Date | Location | PCP | Insurance |
|---|---|---|---|
| 3/14/2022 | Encino | All Mohamed, MD | |
| | | BSAB BLUE SHIELD OF CA/ LUCENTIS CO-PAY ASSISTANCE | |

**Reason For Visit:** Follow Up - Proliferative Diabetic Retinopathy OU. Diabetic Macular Edema OU. Vitreous Hemorrhage OU.

**HPI:** CC: Blurred Vision OU. Since Last Visit: stable. Location: central vision OU. Severity: mild OU. Duration of Problem: since last visit. Associated Symptoms: floaters. Since Last Visit: no changes noted. Pertinent Negatives: No Flashes, Eye Pain, Shadow, Curtain, or Veil. Screening for COVID-19: No Close Contact to Anyone with Known COVID-19. Screening for COVID-19: No Close Contact w/ Anyone Exhibiting Symptoms: Fever,Cough,Sneezing/Runny Nose or Muscle/Joint Pain. Screening for COVID-19: No Cough. Screening for COVID-19: No Fever. Screening for COVID-19: No Muscle/Joint Pain. Screening for COVID-19: No Recent High Risk Travel. Screening for COVID-19: No Shortness of Breath/Difficulty Breathing. Screening for COVID-19: No Sneezing/Runny Nose. HPI obtained by Hajir Dadgostar, MD, PhD

**Secondary:** Diabetes, Type II with Ocular Complications. Nuclear Sclerosis OU.

**Specialty Meds (Initial):** None.

**Mental Status:** Alert and oriented x 3, appropriate mood/affect Hx Source: Patient LBS: 128 HA1c: 7.2 (Date: 2/2/22)

**PSFH/ROS Updated Date:** PSFH/ROS (Last Update: 3/14/22)

**Medical Hx:** Diabetes Type II. **Surgical Hx:** Noncontributory.

**Systemic Meds:** metformin. LIPITOR. Pt denies any new medication as of 2/9/22 (QH).

**Allergies:** NKDA.

**Family Hx:** Diabetes (Mother). Hypertension (Mother). **Social Hx:** Marital Status: Married. Smoking/Tobacco: Never Smoker. Alcohol: None. Substance Abuse: None. Occupation: IT Consultant. Fall Risk: No.

**ROS:** Ocular: See HPI. Allergy/Immunology: Negative. Cardiovascular: Negative. Constitutional: Negative. Endocrine: Diabetes Type II. Gastrointestinal: Negative. Genitourinary: Negative. Hematology/Oncology: Negative. HENT: Negative. Integumentary: Negative. Musculoskeletal: Negative. Neurologic: Negative. Psychiatric: Negative. Respiratory: Negative.

**VA** OD: Dcc20/40+1. PHNI.  **OS:** Dcc20/30-2. PHNI.
**IOP:** TP  **OD:** 04  **OS:** 04

11:26 AM

**Dilation:**
  **Location:** OU. Tech: KE. Time: 11:26 AM. Drops: Tropicamide 1%; Phenylephrine 2.5%; Proparacaine 0.5%.

| External | Right Eye | | Left Eye |
|---|---|---|---|
| • Pupils | Round. Sluggish. No RAPD. 3mm. | | Round. Sluggish. No RAPD. 3mm. |

| Anterior | Right Eye | Left Eye |
|---|---|---|
| • General | | |
| • L/C/S | White and Quiet. | White and Quiet. |
| • Cornea | Epithelium Intact. Clear Stroma. Clear Endothelium. | Epithelium Intact. Clear Stroma. Clear Endothelium. |
| • Anterior Chamber | Normal Depth. Quiet. | Normal Depth. Quiet. |
| • Iris | No Rubeosis. | No Rubeosis. |
| • Lens | Trace NS. | Trace NS. |

*Specializing in Diabetic Retinopathy | Macular Degeneration | Retinal Detachment | Macular Surgery | Ophthalmic Oncology*

☐ 16500 Ventura Boulevard, Suite 250 • Encino, CA. 91436 • Tel: (818) 788-9333 • Fax: (818) 788-9273
☐ 2021 Santa Monica Boulevard, Suite 720E • Santa Monica, CA. 90404 • Tel: (310) 829-3303 • Fax: (310) 829-3301
☐ 23838 Valencia Boulevard, Suite 302 • Valencia, CA. 91355 • Tel: (661) 705-1075 • Fax: (661) 705-4697
☐ 2080 Century Park East, Suite 707 • Los Angeles, CA. 90067 • Tel: (310) 746-4861 • Fax: (310) 746-4653
www.theretinapartners.com | info@theretinapartners.com

**Exhibit 2**

Health Services
**Clinical Encounter**

| | | | | |
|---|---|---|---|---|
| Inmate Name: MEJIA, HUGO SERGIO | | | | Reg #. 46603-509 |
| Date of Birth: 08/20/1971 | | Sex   M   Race   WHITE | | Facility   SHE |
| Encounter Date: 04/18/2022 15:23 | | Provider: Ayala-Rubio, Nelson MD | | Unit   E05 |

Chronic Care - Chronic Care Clinic encounter performed at Health Services.

**SUBJECTIVE:**

COMPLAINT  1        Provider:  Ayala-Rubio, Nelson MD

Chief Complaint:   DIABETIC
Subjective:   Patient with PMHx of DM type II, currently on metformin 500 mg BID, no labs on BEMR.
              Denies polyuria, polyphagia and polydipsia.
**Pain:**   Not Applicable

COMPLAINT  2        Provider:  Ayala-Rubio, Nelson MD

Chief Complaint:   ENDO/LIPID
Subjective:   Patient with hyperlipidemia on atorvastatin 40 mg q daily, no labs on BEMR.
**Pain:**   No

COMPLAINT  3        Provider:  Ayala-Rubio, Nelson MD

Chief Complaint:   GENERAL
Subjective:   Patient states he was been followed by ophthalmology due to diabetic retinopathy and before
              getting to Sheridan had a procedure done.
**Pain:**   No

**Seen for clinic(s):** Diabetes, Endocrine/Lipid, General

**Added to clinic(s):** Diabetes, Endocrine/Lipid, General


**ROS:**

**General**
  **Constitutional Symptoms**
    No: Anorexia, Chills, Fatigue, Fever
  **Cardiovascular**
  **General**
    Yes: Within Normal Limits
    No: Angina, Cough, Edema
  **Pulmonary**
    **Respiratory System**
      Yes: Within Normal Limits
      No: Dyspnea

**OBJECTIVE:**

**Pulse:**

| <u>Date</u> | <u>Time</u> | <u>Rate Per Minute</u> | <u>Location</u> | <u>Rhythm</u> | <u>Provider</u> |
|---|---|---|---|---|---|
| 04/18/2022 | 15:07 SHE | 77 | | | Ayala-Rubio, Nelson MD |

**Blood Pressure:**

| <u>Date</u> | <u>Time</u> | <u>Value</u> | <u>Location</u> | <u>Position</u> | <u>Cuff Size</u> | <u>Provider</u> |
|---|---|---|---|---|---|---|
| 04/18/2022 | 15:07 SHE | 113/75 | | | | Ayala-Rubio, Nelson MD |

**SaO2:**

# Exhibit 3

**Bureau of Prisons**
**Health Services**
**Clinical Encounter**

| Inmate Name: | MEJIA, HUGO SERGIO | | | Reg #: | 46603-509 |
|---|---|---|---|---|---|
| Date of Birth: | 08/20/1971 | Sex. | M   Race:  WHITE | Facility | SHE |
| Encounter Date: | 07/07/2022 14:18 | Provider: | Heidt, Megan EMT-P | Unit: | F05 |

EMT/Para - Sick Call encounter performed at Health Services.

**SUBJECTIVE:**

COMPLAINT   1          Provider:   Heidt, Megan EMT-P

Chief Complaint:   Eyes/Vision Problems
Subjective:   Inmate c/o worsening vision in both eyes due to diabetic neuropathy. Inmate is approved for outside consult to ophthalmology, not yet scheduled. Inmate states his left eye is worse than the right. Notes "bright flashes, blurriness, ruptured blood vessels that look like spider webs and sometimes total blindness" in his left eye.
Pain:   No

**OBJECTIVE:**

**Pulse:**

| Date | Time | | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|---|
| 07/07/2022 | 14:19 SHE | | 87 | Via Machine | | Heidt, Megan EMT-P |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 07/07/2022 | 14:19 SHE | 14 | Heidt, Megan EMT-P |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 07/07/2022 | 14:19 SHE | 119/73 | Left Arm | Sitting | Adult-regular | Heidt, Megan EMT-P |

**SaO2:**

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 07/07/2022 | 14:19 SHE | 97 | Room Air | Heidt, Megan EMT-P |

Exam:
General
Appearance
Yes: Appears Well, Alert and Oriented x 3
No: Lethargic, Obtunded, Dyspneic, Appears in Pain, Pale, Cyanotic, Diaphoretic, Acutely III
Skin
General
Yes: Within Normal Limits
Eyes
General
Yes: PERRLA
Periorbital/Orbital/Lids
Yes: Normal Appearing
Conjunctiva and Sclera

| | | | |
|---|---|---|---|
| Inmate Name:   MEJIA, HUGO SERGIO | | | |
| Date of Birth:   08/20/1971 | Sex:      M    Race:  WHITE | Reg #:   46603-509 | |
| Encounter Date:  07/07/2022 14:18 | Provider:  Heidt, Megan EMT-P | Facility  SHE | |
| | | Unit:     F05 | |

Yes: Within Normal Limits

No: Diffuse Redness, Hyperemia, Subconjunctival Hemorrhage, Trauma

**Cornea and Lens**

Yes: Normal Appearing

**ASSESSMENT:**

Eye - Visual Acuity Change

**PLAN:**

**Disposition:**

Follow-up at Sick Call as Needed

Return Immediately if Condition Worsens

**Other:**

Protocol followed. Notified medical records of need for ophthalmology scheduling as soon as possible.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 07/07/2022 | Counseling | Plan of Care | Heidt, Megan | Verbalizes Understanding |

**Copay Required:** Yes          **Cosign Required:**  Yes

**Telephone/Verbal Order:**   No

Completed by Heidt, Megan EMT-P on 07/07/2022 14:23

Requested to be cosigned by  Grasley, Andrew (MAT) M.D./CD.

Cosign documentation will be displayed on the following page.

# Exhibit 4

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

**INMATE REQUEST TO STAFF** CDFRM

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Warden Hindrix | DATE: July 26, 2022 |
|---|---|
| FROM: Hugo Mejia | REGISTER NO.: 46603-509 |
| WORK ASSIGNMENT: Food Service | UNIT: Unit 6 Wing 5 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.

I request the BOP represent me in a Reduction In Sentence/Compassionate Release motion based on my severe and worsening health condition and the risk posed to me by my continued incarceration. I was diagnosed with Type II diabetes in 2001 and with Retinopathy in 2021. I self-surrendered on 4/11/2022 before I was able to complete surgeries on both my eyes my doctor ordered to stabilize my condition. Since then my retinopathy has worsened and my vision is deteriorating at an alarming rate. I have been on "pending" status to see an opthamologist for over 4 months now without being treated or otherwise evaluated. I understand the seriousness of my request but feel compelled at this point to do what I can to preserve my vision and maintain my overall health. I believe this can best be done by releasing me to the care of my personal doctor in order to complete my needed surgeries and prevent any further degradation of my vision and health. Thank you for your consideration and I appreciate the opportunity to express my concerns.

(Do not write below this line)

DISPOSITION:

Signature Staff Member                    Date

Record Copy - File; Copy - Inmate

PDF

Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

**SECTION 6**

# Exhibit 5

SHE . 133017b
ATTACHMENT A

## INFORMAL RESOLUTION

**NOTICE TO INMATE:** You are advised that prior to filing a Request for Administrative Remedy Form (BP-9), you **MUST** attempt to informally resolve your complaint through your Correctional Counselor except for UDC/DHO related concerns.

*Hugo Mejia*      *46603-509*      *6*      *7/17/22*

1. Inmate Name     Register Number    Unit    Date

2. State Below Your Specific Complaint:

I have been on "pending" status to see an opthalmologist for over 4 months to treat my rapidly worsening retinopathy without being treated. I am losing my eyesight as a result.

3. State What Action You Want Staff To Take To Correct The Situation.

I request the BOP represent me in a Reduction in Sentence / Compassionate Release motion to my sentencing Court that I may halt the disease progression and seek treatment with my outside specialist provider.

4. What Efforts Have You Made To Resolve Your Complaint Informally?

I submitted a BP-A0148 "Cop Out" request on July 26, 2022 and have received no reply. This request followed repeated and regular requests for treatment from Health Services that have been ignored or downplayed.

*****************************************************************

5. Advice To Inmate Regarding Complaint include Program Statement number if applicable)

**RECEIVED**

SEP 2 7 2022

Warden's Office
FCI SHERIDAN

6. Informal Resolution WAS / WAS NOT accomplished (circle)

_____     _____
Correctional Counselor / Date    Unit Manager / Date

**Exhibit 6**

# Bureau of Prisons
## Health Services
### Consultation Request

11/08/22

Inmate Name: MEJIA, HUGO SERGIO
Date of Birth: 08/20/1971

Reg #: 46603-509
Sex: M
Complex: SHE

Report of Consultation: Ophthalmology

Subtype: Offsite Appt, NOS

Inmate Name: MEJIA, HUGO SERGIO
Date of Birth: 08/20/1971
Institution: SHERIDAN FCI
27072 BALLSTON ROAD
SHERIDAN, Oregon 97378
5038434442

Reg #: 46603-509
Sex: M

Assessment:

Proliferative Diabetic Retinopathy
Significantly worse vision OS in last 6 months.
20/40 OD  20/200 OS

Plan:

Refer to Retina Specialist for Care of
proliferative Diabetic Retinopathy Urgently.

Signature
Date   11/8/22

Completed By:

Report may be hand-written or (preferably) typed on this form. If dictated on office or hospital letterhead to follow, please indicate essential findings or recommendations to be acted upon pending final report.

Follow-up services and primary responsibility for inmate health care remains with Bureau of Prisons staff. While discussion of diagnostic/treatment options with the inmate may be appropriate, they are subject to review by the inmate's primary care provider, the institution utilitzation review committee and/or the BOP National Formulary.

Please notify institution prior to scheduling surgery dates or follow-up appointments.

**Inmate not to be informed of appointment dates.**

**Exhibit 7**

a. Hugo S (MRN 1346479) DOB: 08/20/1971

Encounter Date: 05/19/2023

# Mejia, Hugo S

MRN 1346479

**Initial consult** 5/19/2023
Brockton Ophthalmology

Provider Liu, John Y., MD (Ophthalmology)
Primary diagnosis Diabetic retinopathy associated with type 2 diabetes
mellitus, macular edema presence unspecified, unspecified laterality,
unspecified retinopathy severity (HCC)
Reason for Visit: Advice Only; Referred by Oh, Samuel Sang-Il, MD

**Progress Notes**
5/19/2023 11:08 AM
1346479

Liu, John Y., MD (Physician) • Ophthalmology

### Chief complaint and history of present illness
**Chief Complaint**
Patient presents with
- Advice Only
  DM Eye Eval. Patient states he was receiving injection for retinopathy in both eyes all of
  2021.
  Dm x 20 years. Patient states he has been having episode were vision blurs.

I have reviewed the patients relevant medical and ocular history and I have reviewed the
technician's history and clinical note for today.

### Visual Acuity (Snellen - Linear)

|  | Right | Left |
|---|---|---|
| Dist cc | 20/60 -1 | 20/60 -2 |
| Dist ph cc | NI | 20/30 -2 |
| Correction | Glasses | |

### Tonometry

Tonometry (Tonopen, 10:53 AM)

|  | Right | Left |
|---|---|---|
| Pressure | 12 | 11 |

### Main Ophthalmology Exam
**External Exam**

|  | Right | Left |
|---|---|---|
| External | Normal | Normal |

ua, Hugo S (MRN 1346479) DOB: 08/20/1971

Encounter Date: 05/19/2023

### Slit Lamp Exam

|  | Right | Left |
|---|---|---|
| Lids/Lashes | Normal | Normal |
| Conjunctiva/Sclera | White and quiet | White and quiet |
| Cornea | nasal endo folds | Clear |
| Anterior Chamber | Deep and quiet | Deep and quiet |
| Iris | Round and reactive | Round and reactive |
| Lens | **1+ NS** | **1+ NS** |
| Anterior Vitreous | pigmented cell | syneresis |

### Fundus Exam

|  | Right | Left |
|---|---|---|
| Disc | Normal | Normal |
| C/D Ratio | 0.3 | 0.3 |
| Macula | hemes, flat | hemes, flat, ?NVE |
| Vessels | Normal | Normal |
| Periphery | **dense PRP few holes and rare hemes, depigmented VH** | **light PRP, 2 quad hemes, depigmented VH** |

<div id="MAIN_EXAM_REVIEWED"></div>

### Problem List Items Addressed This Visit

|  | ICD-10-CM |
|---|---|
| Endocrine | |
| **Diabetic retinopathy (HCC)** | E11.319 |

**IMPRESSION:**
**1. Diabetic retinopathy associated with type 2 diabetes mellitus, macular edema presence unspecified, unspecified laterality, unspecified retinopathy severity (HCC)**
Right eye PDR s/p dense PRP, with few hemes and resolving VH
Left eye PDR s/p light PPR 2 quad heme, resolving VH

High risk diabetic with prior h/o injections and laser with resolving vit heme.

Recommend urgent retinal evaluation to preserve vision

**PLAN**: refer retina

AVS distributed and discussed. Patient verbalizes understanding and has no additional questions.

CERTIFICATE OF SERVICE

 I hereby certify that on the day of July 21st, I mailed via the United States Postal Office the foregoing Motion for Compassionate Release with the Clerk of Court using the USPS. I further certify that a true and accurate copy of this response along with exhibits was mailed via USPS to the Assistant US Attorney:

Jason C. Pang.
Assistant United States Attorney
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012

I certify this as true and accurate.


Signed and sworn to:

Hugo Mejia

Retail

RDC 99

UNITED STATES POSTAL SERVICE
92701

CERTIFIED MAIL

7022 3330 0000 5267 6833

RECEIVED
CLERK, U.S. DISTRICT
CENTRAL DISTRICT OF C
SOUTHERN DIVISION B



TO:

U.S. District Court.
for 9th Circuit
411 west Fourth st
Courtroom 9B
Santa Ana, CA 92701 456

FROM:

HUGO MEJIA
421 N. Holmes Ave.
Ontario, CA.
91764

Utility Mailer



FCM LG ENV
ONTARIO, CA 91761
JUL 24, 2023
**$10.69**
R2304E106435-03

92701

RDC 99

RECEIVED
CLERK, U.S. DISTRICT C...
JUL 26 2023
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION   BY DEPUTY





7022 3330 0000 5267 6833

TO:

U.S. District Court.
for 9th Circuit
411 West Fourth St
Courtroom 9B
Santa Ana, CA 92701-4516

