E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JASON C. PANG (Cal. Bar No. 296043)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2652
     Facsimile: (213) 894-0141
     E-mail:   Jason.Pang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-00008-CJC |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) |
| v. | |
| HUGO SERGIO MEJIA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorney Jason C. Pang, hereby files this Opposition to defendant's renewed motion to reduce his sentence to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 74, hereinafter, the "Renewed Motion").  The Court should deny defendant's Renewed Motion.

//

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 31, 2023              Respectfully submitted,

                                             E. MARTIN ESTRADA
                                             United States Attorney

                                             MACK E. JENKINS
                                             Assistant United States Attorney
                                             Chief, Criminal Division

                                                /s/
                                             JASON C. PANG
                                             Assistant United States Attorney

                                             Attorneys for Plaintiff
                                             UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In his renewed motion, defendant Hugo Mejia asks the Court to reduce his sentence again -- despite the fact that he was released to a Residential Reentry Center ("RRC") after serving only 10 months of 36 month sentence in jail[1] -- based on his claim that: (1) BOP has miscalculated his First Step Act credits, and (2) BOP has not continued to provide medical care to him once he was released to an RRC.[2]  Both claims lack merit.

**II.   ARGUMENT**

**A.   Defendant Has Failed to Establish an Extraordinary and Compelling Reason for Release**

Defendant's motion should be denied because it is not supported by "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i); United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (district courts have discretion in determining whether a defendant has presented "extraordinary and compelling reasons" under the statute).

First, BOP's alleged refusal to award him First Step Act credits is not a proper basis to justify compassionate release.  Courts in this circuit "have already determined that a failure or denial of the BOP to calculate time credits does not constitute an extraordinary or compelling reason justifying compassionate release."  See United

---

[1] Defendant was sentenced for 36 months, and the Court allowed him to surrender on April 11, 2022.  (Dkts. 39, 42.)  As defendant noted that he was released from prison to an RRC on February 8, 2023, (Dkt. 74 at 9), he served less than 10 months of his 36-month sentence in prison.

[2] The government incorporates the factual description of defendant's crimes, conviction, and sentence from its opposition to defendant's prior motion to reduce his sentence (Dkt. 56.)

States v. Capetillo-Davila, No. CR 19-00178 JMS, 2023 WL 2599612, at *4 (D. Haw. Mar. 22, 2023); United States v. Ortiz, 2023 WL 1781565, at *6 (W.D. Wash. Feb. 6, 2023) ("Defendant's individual claims regarding his experiences at Sheridan FCI and the calculation of his earned time credits do not constitute 'extraordinary and compelling' circumstances warranting the relief requested"); United States v. Hayes, 2023 WL 2242101, at *1 (W.D. Wash. Feb. 27, 2023) ("The denial or failure to calculate additional credits are not extraordinary or compelling reasons supporting [the defendant's] motion."). Defendant should "seek review of the loss of earned FSA Time Credits through the Bureau's Administrative Remedy Program." 28 C.F.R. § 523.43(b).

Second, defendant argues that he should be granted compassionate release because BOP has reduced the healthcare services it provided to him when they released him to an RRC. Defendant's argument is a perverse manipulation of the community placement process.

Defendant was released from prison and placed into an RRC at his request. (Ex. A, Community Based Program Agreement between BOP and defendant). As a condition of being placed into an RRC, defendant explicitly agreed to provide for his own medical care. Id. BOP policy is that inmates, such as defendant, "are required to assume financial responsibility for their health care while assigned to community programs."[3] If a defendant is unwilling to do so in order to enter an RRC, then "the inmate shall be denied placement."[4] Defendant signed a contract with BOP acknowledging that he knew he was "expected to assume increased responsibility for [his] healthcare

---

[3] See BOP Program Statement No. 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, 8 (Dec. 16, 1998) <http://www.bop.gov/policy/progstat/7310_004.pdf>.

[4] Id.

2

as a resident of a community-based correctional program." (Ex. A.) In order words, although BOP will still provide emergency care or other limited care consistent with the applicable laws and regulations, defendant can -- and should -- provide for his own medical care.

Defendant's Renewed Motion does not specify whether he notified his RRC that he is willing to assume responsibility for all his medical care by seeing his "own doctor" before filing the Renewed Motion. (Dkt. 74 at 10.)[5] He should do so. Of course, defendant is still serving his sentence at an RRC and, therefore, is "required to abide by the rules and regulations" of the RRC. (Ex. A.) That means he cannot leave the RRC on his own volition to allegedly see a doctor. Defendant should make an appointment, notify his RRC that a medical appointment was made and provide proof of the appointment, and the coordinate with his RRC to travel to the medical appointment with his doctor.

If defendant is unsatisfied with the rules and procedures that BOP places on inmates who are fortunate enough to be granted their request to serve a portion of their sentence at an RRC and seek medical care from their own doctor, then he cannot manufacture a "extraordinary and compelling" for compassionate release by objecting to those rules and procedures. Rather, defendant's Community Based Program Agreement with BOP -- which he signed -- provides the proper remedy:

---

[5] Exhibit 1 to the Renewed Motion indicates that defendant has private insurance through Blue Shield of California. (Dkt. 74, Ex 1.) It appears that his diabetic retinopathy doctor is located in Encino, California, which is approximately a 1.5 hour drive away from Rubidoux RRC, which is located in Riverside, California.

3

> I understand that I may be transferred by the BOP to a suitable institution or facility at the Bureau's option for medical care should the government deem it necessary.

(Ex. A.)  If he desires, defendant may forego his request for placement in a community program and return to an institution, where he can receive direct medical care from BOP.

### B. The 18 U.S.C. § 3553(a) Factors Do Not Support Defendant's Request for Release

The Court does not need to reach the Section 3553(a) factors in evaluating defendant's renewed request for compassionate release as it is meritless.  In any event, the government incorporates its previous arguments under Section 3553(a) from its opposition to defendant's prior motion for compassionate release.  (Dkt. 56.)

### III. CONCLUSION

Defendant's motion for release should be denied.

Dated: July 31, 2023                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

          /s/
JASON C. PANG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4