UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>HUGO SERGIO MEJIA,<br><br>   Defendant. | Case No.: SACR 21-00008-CJC<br><br>ORDER DENYING DEFENDANT'S EMERGENCY RENEWED MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) [Dkt. 74] |

## I. INTRODUCTION & BACKGROUND

On November 18, 2021, Defendant Hugo Sergio Mejia was sentenced to thirty-six months in prison, followed by a three-year term of supervised release, after pleading guilty to operating an unlicensed money transmitting business in violation of 18 U.S.C. §§ 1960(a), (b)(1)(B) and laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(3)(B).  (*See* Dkt. 39 [Judgment and Commitment Order].)  Mejia previously

moved the Court for compassionate release, arguing that he suffers from diabetic retinopathy and that he has been unable to receive adequate care while in detention.  (*See* Dkt. 48 [Motion to Modify Imposition of Sentence Under 18 U.S.C. § 3582(c)(1)(A)].)  The Court denied that motion because Mejia did not demonstrate that his retinopathy substantially impaired his ability for self-care.  (*See* Dkt. 73 [Order Denying Defendant's Motion to Modify Imposition of Sentence Under 18 U.S.C. § 3582(c)(1)(A)].)  Since the Court's last order, Mejia was released from prison and placed into a Residential Reentry Center ("RRC") after serving ten months of his thirty-six-month sentence.  (*See* Dkt. 75 [Gov't's Opp'n to Def.'s Renewed Mot., "Opp."] at 3.)  Now Mejia again moves for compassionate release on an emergency basis arguing that he has suffered severe vision loss due to untreated diabetic retinopathy.  For the following reasons, the motion is **DENIED**.

## II.   DISCUSSION

Early release is inappropriate for at least two reasons:  (1) Mejia has failed to show extraordinary and compelling reasons warranting release, and (2) the section 3553 factors weigh against his release.

### A.   Mejia Has Failed to Show Extraordinary and Compelling Reasons.

A compassionate-release motion is a request for a permanent reduction in a defendant's federal sentence.  Though a district court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), compassionate release is one of the few exceptions and allows a court to "reduce the term of imprisonment (and . . . impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)."  *Id.* § 3582(c)(1)(A).  Under this exception, a court may grant a defendant's release if it

determines that "extraordinary and compelling reasons warrant . . . a reduction." *Id.* § 3582(c)(1)(A)(i)–(ii).

The Sentencing Commission has enumerated several "extraordinary and compelling" circumstances justifying release, one of which is a qualifying medical condition, defined as a terminal illness or "a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. 1(A) (U.S. Sent'g Comm'n 2021). Another is a catchall "other reasons" category, which permits compassionate release when a court finds that there is "an extraordinary and compelling reason other than, or in combination with, the reasons described [above]." *Id.* § 1B1.13 cmt. 1(D). "Courts have also found that 'grossly inadequate treatment' for a defendant's medical condition in BOP custody, including delays in treatment, may qualify as an extraordinary and compelling reason for compassionate release." *United States v. Derentz*, 608 F. Supp. 3d 189, 193 (E.D. Penn. 2022) (collecting cases). The defendant bears the burden of showing that he is entitled to a sentence reduction. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

Although the Court is sympathetic to Mejia's serious health struggles, his diabetic retinopathy still does not warrant release. Mejia has not shown that the condition has substantially impaired his ability for self-care, and in general, the existence of even serious vision problems is not sufficient to justify release. *See, e.g.*, *United States v. Bright*, No. 17-CR-0270, 2022 WL 16951832, at *2–3 (S.D. Cal. Nov. 15, 2022); *United States v. Turner*, No. CR 17-787, 2021 WL 4798647, at *4 (C.D. Cal. July 2, 2021); *United States v. Cyre*, No. 19-cr-00008, 2021 WL 1394125, at *4 (W.D. Wash. Apr. 13, 2021).

Moreover, it appears that now that Mejia has been placed into an RRC—a change he requested—it is Mejia's obligation to provide for his own medical care. (*See* Opp. at 2, Ex. A.)¹ To obtain the care his retinopathy demands, then, Mejia must make an appointment with an appropriate physician and coordinate with his RRC to travel to that appointment. (*Id*. at 3.) Mejia's complaints that the Bureau of Prisons ("BOP") has not made these appointments for him (*see* Mot. at 2) contradict his obligations under his Community Based Program Agreement. (*See* Opp. Ex. A.) If Mejia believes he cannot receive the treatment he needs while residing at his RRC, this Agreement directs that he may return to an institution where suitable medical care can be provided directly from BOP. (*Id.*)

Accordingly, Mejia has failed to show extraordinary and compelling reasons justifying compassionate release.

### B.     The Section 3553 Factors Preclude Early Release.

The Section 3553 factors also weigh against Mejia's early release. Any decision to reduce a term of imprisonment under the First Step Act also requires a court to "consider[] the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a).

Mejia has served only sixteen months of his below-Guideline thirty-six-month sentence. To grant him early release at this time would not advance the goals set forth in Section 3553. It would not reflect the seriousness of his crimes, it would not deter him

---

¹ *See also* BOP Program Statement No. 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, 8 (Dec. 16, 1998), https://www.bop.gov/policy/progstat/7310_004.pdf.

and others from facilitating criminal activity through semi-anonymous virtual-currency exchanges, it would not protect the public, and it would not avoid sentencing disparities with others who have been sentenced for similar serious crimes.  Mejia's sentence remains appropriate despite his retinopathy, particularly given his release to an RRC.

### III.  CONCLUSION

For the foregoing reasons, Mejia's motion for compassionate release is **DENIED**.

DATED:     August 11, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE